UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT LEE JACKSON,

      Petitioner,

v.                              CASE NO.:  5:09-cv-483-Oc-23GRJ

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

      Respondents.

_____/

## **ORDER**

Jackson petitions for the writ of habeas corpus (Doc. 1) under 28 U.S.C. § 2254,[1]

and alleges that his extradition from Georgia to Florida was illegal.   The respondents

move to dismiss the action without prejudice (Doc. 23), because Jackson's direct appeal

of his extradition and sentence pends in Florida's Fifth District Court of Appeal, Case

No. 5D07-1769.

Because Jackson has not exhausted his state remedy, the motion to dismiss

(Doc. 23) is **GRANTED**, and this action is **DISMISSED without prejudice**.   See Rose v.

---

[1] Jackson filed this action in the United States District Court for the Northern District of Florida.
The Northern District of Florida transferred the action to the Middle District of Florida, because Jackson
challenges a judgment of the Circuit Court in Sumter County, Florida.  (Docs. 9, 14).

Lundy, 455 U.S. 509 (1982).[2]  The Clerk shall enter judgment against Jackson,

terminate any pending motion, and close the case.

ORDERED in Tampa, Florida, on April 7, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] This dismissal without prejudice does not excuse Jackson from the one-year limitation on petitioning in federal court for habeas corpus.  See 28 U.S.C. § 2244(d).  A properly filed application for state post-conviction relief tolls the one-year limitation.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)).  But see Duncan v. Walker, 121 S. Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation under § 2244(d)(2)).